JS-6

NOTE: CHANGES MADE BY
THE COURT

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN VETERANS RELIEF FOUNDATION, INC., *et al.*,<br><br>Defendants. | Case No. CV09-3533-AHM (RNBx)<br><br>FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION |

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1   The parties, plaintiff Federal Trade Commission ("FTC" or "Commission"),

2   and defendants Jeffrey Dean Duncan, Kathy Clinkenbeard, William Rose,

3   Coalition of Police and Sheriffs, Inc. ("COPS"), Disabled Firefighters Fund

4   ("DFF"), and American Veterans Relief Foundation, Inc. ("AVRF"), having agreed

5   in the Stipulation Concerning Final Judgment and Order for Permanent Injunction

6   to entry of this Order, hereby request that the Court enter this Order to resolve all

7   matters in dispute between them in this action.  Defendants have waived service of

8   the Summons and Complaint.

9   **THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND**

10  **DECREED** as follows:

11  **<u>FINDINGS</u>**

12  1.      This is an action by the Commission under Section 13(b) of the FTC

13  Act, 15 U.S.C. §§ 53(b) and 57b, the Telemarketing Act, 15 U.S.C. §§ 6101-6108,

14  and the TSR, 16 C.F.R. Part 310.  Pursuant to these statutes and regulations, the

15  Commission has the authority to seek the relief contained herein.

16  2.      The Commission's complaint states a claim upon which relief may be

17  granted against defendants under Sections 5(a), 13(b), and 19 of the FTC Act, 15

18  U.S.C. §§ 45(a), 53(b), and 57b, the Telemarketing Act, 15 U.S.C. §§ 6101-6108,

19  and the TSR, 16 C.F.R. Part 310.

20  3.      This Court has jurisdiction of the subject matter of this case and all the

21  parties hereto.  Venue in the Central District of California is proper.

22  4.      The alleged activities of defendants are in or affecting commerce, as

23  defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

24  5.      The parties shall each bear their own costs and attorney's fees

25  incurred in this action and have waived all claims under the Equal Access to

26  Justice Act, 28 U.S.C. § 2412.

27  6.      Defendants have waived all rights to seek appellate review or

28  otherwise challenge or contest the validity of this Order.

FINAL JUDGMENT - Page 2 of 18

1    7.    Defendants have waived and released any claims that they may have

2    against the Commission or its employees, agents, or representatives.

3    8.    Entry of this Order is in the public interest.

4    9.    Given the press release published by the FTC and the extensive

5    coverage this action has received in major media outlets — including the Los

6    Angeles Times, the Orange County Register, and radio broadcasts — the FTC has

7    satisfied the notice requirements of 15 U.S.C. section 57b(c)(2).

8

9                              **<u>DEFINITIONS</u>**

10    For purposes of this Order, the following definitions shall apply:

11    1.    "And," as well as "or," have both conjunctive and disjunctive

12    meanings.

13    2.    "Assisting others" includes, but is not limited to: (a) formulating or

14    providing, or arranging to formulate or provide, any telephone script or any other

15    solicitation materials; (b) formulating or mailing, or arranging to formulate or mail,

16    any solicitation, receipt, invoice, or any other materials sent to donors;

17    (c) providing or arranging to provide the names of donors; (d) arranging for

18    continuing affiliation between any person and any purported nonprofit organization

19    for the purpose of soliciting donations; (e) providing or arranging to provide

20    customer service functions including, but not limited to, receiving or responding to

21    donor questions or complaints, or accepting or handling any refund requests; or

22    (f) providing consultation services to any person engaged in fundraising or

23    telemarketing.

24    3.    "Corporate defendants" means Coalition of Police and Sheriffs, Inc.,

25    Disabled Firefighters Fund, American Veterans Relief Foundation, Inc., and their

26    successors and assigns.

27    4.    "Defendants" means all of the individual defendants and the corporate

28    defendants, individually, collectively, or in any combination.

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

5.     "Donation" or "charitable contribution" means any donation or gift of money or any other thing of value.

6.     "Donor" or "consumer" means any person solicited to make a charitable contribution.

7.     "Fundraising" means a plan, program, or campaign which is conducted to induce charitable contributions by mail, telephone, electronic mail, or any other means.

8.     "Individual defendants" means Jeffrey Duncan, Kathy Clinkenbeard, and William Rose.

9.     "Nonprofit organization" means any person that is, or is represented to be, a nonprofit entity or that has, or is represented to have, a charitable purpose, specifically including any entity that purports to benefit, either in whole or in part, purported law enforcement, firefighting, or veterans' organizations, personnel, or programs, or individuals who suffer from an illness, injury, or handicap.

10.    "Person" means a natural person, organization or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, government agency, or any other group or combination acting as an entity.

11.    "Solicitor" means any person who solicits a donation or charitable contribution.

12.    "Telemarketing" means a plan, program, or campaign which is conducted to induce the purchase of goods or services or a charitable contribution, by use of one or more telephones and which involves more than one interstate telephone call.

## ORDER

## I. PROHIBITED PRACTICES – REPRESENTATIONS AND OMISSIONS

IT IS ORDERED that defendants, their officers, agents, servants, employees, independent contractors, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, or otherwise, are

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1   hereby permanently restrained and enjoined from the following practices in

2   connection with engaging, participating, or assisting others in fundraising or

3   telemarketing, whether directly, indirectly, in concert with others, or through any

4   corporation, division or other device:

5       A.     Making, or assisting others to make, expressly or by implication,

6   orally or in writing, any statement or representation of material fact that is false or

7   misleading including, but not limited to, any false or misleading representation:

8       1.     That a donor's contribution, or any portion or amount of a

9   donor's contribution, will be used for any general or specific charitable purpose;

10      2.     Concerning the organization, program, or benefits that a

11  donor's contribution will support, including but not limited to any false or

12  misleading representation that donated funds will be used to:

13          a.     Assist veterans and/or the families of soldiers by

14  operating a specific, substantial charitable program that provides financial

15  assistance to the families of American soldiers fighting overseas; provides care

16  packages to veterans in Veterans Administration hospitals across the country; or

17  provides financial support to veterans' memorials;

18          b.     Support police or sheriffs injured in the line of duty by

19  operating a specific, substantial charitable program that (1) assists qualified police

20  officers injured in the line of duty, and their families by paying mortgages, auto

21  loans, and medical bills, and other costs not covered by their departments; or

22  (2) provides a scholarship program to disabled officers and their families; or

23          c.     Assist disabled firefighters by operating a specific,

24  substantial charitable program that assists qualified disabled firefighters injured in

25  the line of duty, especially during the interval between the injury and the onset of

26  official government benefits, by providing cash benefits to pay necessary living

27  expenses such as mortgages, rent, medical coverage, and costs not covered by their

28

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

departments; or provide death benefits to the families of firefighters killed in the line of duty.

        3.     That a donor's contribution will directly benefit individuals or groups in the donor's state or local area, or will otherwise be spent in the donor's state or local area; or

        4.     Concerning a charitable organization's or telemarketer's affiliation with any law enforcement, fire fighting, or veterans' organization or any other person or entity; and

B.     In connection with fundraising, failing to disclose in each script, brochure, or other solicitation material, and failing to ensure that telemarketers disclose during the initial telephone contact with any donor, and in any follow-up contact:

        1.     How the donations raised through the fundraising will be utilized for charitable purposes;

        2.     If asked by any consumer, the percentage or amount of any charitable contribution that will go to a charitable organization or to any particular charitable program;

        3.     That the solicitor is, or is employed by, a professional fundraiser; and

        4.     The city and state of the nonprofit organization's principal place of business.

## II.  TELEMARKETING SALES RULE COMPLIANCE

IT IS FURTHER ORDERED that defendants, their officers, agents, servants, employees, independent contractors, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are hereby permanently restrained and enjoined from violating, or assisting others in violating, any provision of the TSR, 16 C.F.R. Part

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

310, as currently promulgated or as it hereafter may be amended, including, but not limited to:

A.      Section 310.3(b) of the TSR, 16 C.F.R. § 310.3(b), by providing substantial assistance or support to any seller or telemarketer when that person knows or consciously avoids knowing that the seller or telemarketer is engaged in any act or practice that violates Sections 310.3(a), (c) or (d), or Section 310.4 of the Rule;

B.      Section 310.3(a)(4) of the TSR, 16 C.F.R. § 310.3(a)(4), by making a false or misleading statement to induce any person to pay for goods or services or to induce a charitable contribution;

C.      Section 310.3(d)(1) of the TSR, 16 C.F.R. § 310.3(d)(1), by misrepresenting, directly or by implication, the nature, purpose, or mission of any entity on behalf of which a charitable contribution is being requested;

D.      Section 310.3(d)(3) of the TSR, 16 C.F.R. § 310.3(d)(3), by misrepresenting, directly or by implication, the purpose for which any charitable contribution will be used;

E.      Section 310.3(d)(4) of the TSR, 16 C.F.R. § 310.3(d)(4), by misrepresenting, directly or by implication, the percentage or amount of any charitable contribution that will go to a charitable organization or to any particular charitable program; and

F.      Section 310.3(d)(6) of the TSR, 16 C.F.R. § 310.3(d)(6), by misrepresenting, directly or by implication, a charitable organization's or telemarketer's affiliation with, or endorsement or sponsorship by, any person or government entity.

### III.  MONITORING COMPLIANCE OF TELEMARKETERS OR FUNDRAISERS

IT IS FURTHER ORDERED that defendants, their officers, agents, servants, employees, independent contractors, and those persons in active concert

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1    or participation with them who receive actual notice of this Order by personal

2    service or otherwise, in connection with any business or other entity engaged in

3    fundraising or telemarketing, are hereby permanently restrained and enjoined from:

4           A.      Failing to take reasonable steps sufficient to monitor and ensure that

5    all employees and independent contractors who are engaged in fundraising or

6    telemarketing or otherwise deal with the public comply with the Sections of this

7    Order titled "Prohibited Practices – Representations and Omissions" and

8    "Telemarketing Sales Rule Compliance;"

9           B.      Failing to establish a procedure for receiving and responding to

10   consumer complaints;

11          C.      Failing to ascertain the number and nature of consumer complaints

12   regarding transactions in which each employee or independent contractor is

13   involved;

14          D.      Failing to investigate promptly and fully any complaint or inquiry

15   received about a solicitation by any employee or independent contractor and to

16   create and maintain a written record of the investigation and any results; and

17          E.      Failing to take corrective action with respect to any employee or

18   independent contractor whom defendants determine is not complying with this

19   Order, which may include training, disciplining, or terminating any such employee

20   or independent contractor.

21                    **IV.  SUSPENDED MONETARY JUDGMENT**

22   IT IS FURTHER ORDERED that:

23          A.      Judgment, in the form of equitable monetary relief, is hereby entered

24   against defendants Jeffrey Dean Duncan, Kathy Clinkenbeard, DFF, and COPS,

25   jointly and severally, in the amount of THIRTEEN MILLION, ONE HUNDRED

26   FORTY THOUSAND, FIVE HUNDRED THIRTY-EIGHT DOLLARS

27   ($13,140,538); *provided, however,* that this judgment shall be suspended subject to

28   the conditions set forth in the Section of this Order titled "Right to Reopen;"

FINAL JUDGMENT - Page 8 of 18

B.    Judgment, in the form of equitable monetary relief, is hereby entered against defendants William Rose, Kathy Clinkenbeard, and AVRF, jointly and severally, in the amount of SIX MILLION, EIGHT HUNDRED FOUR DOLLARS ($6,000,804); *provided, however*, that this judgment shall be suspended subject to the conditions set forth in the Section of this Order titled "Right to Reopen;"

C.    All funds paid pursuant to this Order shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including, but not limited to, consumer redress, and any attendant expenses for the administration of such equitable relief fund.  Defendants shall cooperate fully to assist the Commission in identifying consumers who may be entitled to redress pursuant to this Order.  If the Commission determines, in its sole discretion, that redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer education remedies) as it determines to be reasonably related to defendants' practices alleged in the Complaint.  Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement.  Defendants shall have no right to challenge the Commission's choice of remedies under this Section, and shall have no right to contest the manner of distribution chosen by the Commission.  This judgment for equitable monetary relief is solely remedial in nature and is not a fine, penalty, punitive assessment, or forfeiture;

D.    In the event of any default on defendants' obligation to make payment under this Section, interest, computed pursuant to 28 U.S.C. § 1961, as amended, shall accrue from the date of default to the date of payment, and shall immediately become due and payable;

E.    Defendants relinquish all dominion, control, and title to the funds paid to the fullest extent permitted by law.  Defendants shall make no claim to or demand return of the funds, directly or indirectly, through counsel or otherwise;

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

F.     Defendants agree that the facts as alleged in the Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the Commission to enforce its rights to any payment or money judgment pursuant to this Order, including, but not limited to, a nondischargeability complaint in any bankruptcy case.  Defendants further stipulate and agree that the facts alleged in the Complaint establish all elements necessary to sustain an action pursuant to, and that this Order shall have collateral estoppel effect for purposes of, Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A);

G.     In accordance with 31 U.S.C. § 7701, defendants are hereby required, unless they already have done so, to furnish to the Commission with taxpayer identifying numbers (social security numbers or employer identification numbers), which shall be used for purposes of collecting and reporting on any delinquent amount arising out of their relationship with the government.  Defendants Duncan, Clinkenbeard, and Rose are further required, unless they already have done so, to provide the Commission with clear, legible and full-size photocopies of all valid driver's licenses they possess, which will be used for reporting and compliance purposes; and

H.     Proceedings instituted under this Section are in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including any other proceedings the Commission may initiate to enforce this Order.

## V.  RIGHT TO REOPEN

A.     IT IS FURTHER ORDERED that, by agreeing to this Order, defendants reaffirm and attest to the truthfulness, accuracy, and completeness of the Financial Disclosure Forms and related materials transmitted to the FTC on April 22, 2009 (defendant Clinkenbeard) and April 24, 2009 (defendants Rose and Duncan).  Plaintiff's agreement to this Order is expressly premised upon the truthfulness, accuracy, and completeness of defendants' representations regarding

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1  their financial condition in the Financial Disclosure Forms referenced above,

2  which contain material information upon which plaintiff relied in negotiating and

3  agreeing to the terms of this Order.

4      B.    If, upon motion by the Commission, this Court finds that any

5  defendant failed to disclose any material asset or source of income, or materially

6  misrepresented the value of any asset or source of income, or made any other

7  material misrepresentation in or omission from the Financial Disclosure Forms and

8  related materials, the Court shall enter judgment against that defendant, in favor of

9  the Commission, in the amount as set forth in Subsections A and B of the Section

10 titled "Suspended Monetary Judgment," and the entire amount of the judgment

11 shall become immediately due and payable.

12     C.    In all other respects, this Order shall remain in full force and effect

13 unless otherwise ordered by the Court.

14     D.    Proceedings instituted under this Section are in addition to, and not in

15 lieu of, any other civil or criminal remedies as may be provided by law, including

16 any other proceedings the Commission may initiate to enforce this Order.  For

17 purposes of this Section, the defendants waive any right to contest any of the

18 allegations in the Commission's Complaint.

19                         **VI.  CUSTOMER LISTS**

20     IT IS FURTHER ORDERED that defendants are permanently restrained and

21 enjoined from selling, renting leasing, transferring, or otherwise disclosing the

22 name, address, telephone number, credit card number, bank account number,

23 e-mail address, or other identifying information of any person who paid money to

24 any of the defendants at any time prior to the entry of this Order, in connection

25 with fundraising.  Provided, however, that defendants may disclose such

26 identifying information to a law enforcement agency or as required by any law,

27 regulation, or court order.

28                    **VII.  COMPLIANCE MONITORING**

FINAL JUDGMENT - Page 11 of 18

1       IT IS FURTHER ORDERED that, for the purpose of (i) monitoring and

2 investigating compliance with any provision of this Order and (ii) investigating the

3 accuracy of any defendant's financial statements upon which the Commission's

4 agreement to this Order is expressly premised:

5       A.    Within ten (10) days of receipt of written notice from a representative

6 of the Commission, defendants shall submit additional written reports, which are

7 true and accurate and sworn to under penalty of perjury; produce documents for

8 inspection and copying; appear for deposition; and provide entry during normal

9 business hours to any business location in any defendant's possession or direct or

10 indirect control to inspect the business or other entity's operation;

11       B.    In addition, the Commission is authorized to use all other lawful

12 means, including but not limited to:

13       1.    Obtaining discovery from any person, without further leave of

14 court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45,

15 and 69;

16       2.    Posing as consumers and suppliers to defendants, their

17 employees, or any other business or entity managed or controlled in whole or in

18 part by any defendant, without necessity of identification or prior notice; and

19       C.    Defendants each shall permit representatives of the Commission to

20 interview any employer, consultant, independent contractor, representative, agent,

21 or employee who has agreed to such an interview, relating in any way to any

22 conduct subject to this Order.  The person interviewed may have counsel present.

23 ***Provided however***, that nothing in this Order shall limit the Commission's lawful

24 use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15

25 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things,

26 testimony, or information relevant to unfair or deceptive acts or practices in or

27 affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

28                 **VIII.  COMPLIANCE REPORTING**

FINAL JUDGMENT - Page 12 of 18

1    IT IS FURTHER ORDERED that, in order that compliance with the

2  provisions of this Order may be monitored:

3       A.    For a period of three (3) years from the date of entry of this Order,

4            1.    Each individual defendant shall notify the Commission of the

5  following:

6            a.    Any changes in such defendant's residence, mailing

7  addresses, and telephone numbers, within ten (10) days of the date of such change;

8            b.    Any changes in such defendant's employment status

9  (including self-employment), and any change in such defendant's ownership in any

10 business or other entity, within ten (10) days of the date of such change.  Such

11 notice shall include the name and address of each business or other entity that such

12 defendant is affiliated with, employed by, creates or forms, or performs services

13 for; a detailed description of the nature of the business or other entity; and a

14 detailed description of such defendant's duties and responsibilities in connection

15 with the business or other entity or employment; and

16            c.    Any changes in such defendant's name or use of any

17 aliases or fictitious names;

18            2.    Defendants shall notify the Commission of any changes in

19 structure of any corporate defendant or any business or other entity that any

20 defendant directly or indirectly controls, or has an ownership interest in, that may

21 affect compliance obligations arising under this Order, including but not limited to:

22 incorporation or other organization; a dissolution, assignment, sale, merger, or

23 other action; the creation or dissolution of a subsidiary, parent, or affiliate that

24 engages in any acts or practices subject to this Order; or a change in the corporate

25 entity's name or address, at least thirty (30) days prior to such change, *provided*

26 that, with respect to any proposed change in the corporate entity about which a

27 defendant learns less than thirty (30) days prior to the date such action is to take

28

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1  place, such defendant shall notify the Commission as soon as is practicable after

2  obtaining such knowledge.

3      B.      One hundred eighty (180) days after the date of entry of this Order

4  and annually thereafter for a period of three (3) years, defendants each shall

5  provide a written report to the FTC, which is true and accurate and sworn to under

6  penalty of perjury, setting forth in detail the manner and form in which they have

7  complied and are complying with this Order.  This report shall include, but not be

8  limited to:

9          1.      For each individual defendant:

10              a.      Such defendant's then-current residence address, mailing

11  addresses, and telephone numbers;

12              b.      Such defendant's then-current employment status

13  (including self-employment), including the name, addresses, and telephone

14  numbers of each business or other entity that such defendant is affiliated with,

15  employed by, or performs services for; a detailed description of the nature of the

16  business or other entity; and a detailed description of such defendant's duties and

17  responsibilities in connection with the business or other entity or employment; and

18              c.      Any other changes required to be reported under

19  Subsection A of this Section.

20          2.      For all defendants:

21              a.      A copy of each acknowledgment of receipt of this Order,

22  obtained by defendant pursuant to the Section titled "Distribution of Order;" and

23              b.      Any other changes required to be reported under

24  Subsection A of this Section.

25      C.      Each defendant shall notify the Commission of the filing of a

26  bankruptcy petition by such defendant within fifteen (15) days of filing.

27      D.      For the purposes of this Order, defendants shall, unless otherwise

28  directed by the Commission's authorized representatives, send by overnight courier

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1    all reports and notifications required by this Order to the Commission, to the

2    following address:

3                Associate Director for Enforcement
                   Federal Trade Commission

4                600 Pennsylvania Avenue NW, Rm NJ-2122
                   Washington, D.C. 20580

5                RE: *FTC v. Duncan, et al*

6    *Provided* that, in lieu of overnight courier, defendants may send such reports or

7    notifications by first-class mail, but only if defendants contemporaneously send an

8    electronic version of such report or notification to the Commission at:

9    DEBrief@ftc.gov.

10        E.      For purposes of the compliance reporting and monitoring required by

11    this Order, the Commission is authorized to communicate directly with each

12    defendant.

13                  **IX.  RECORD KEEPING PROVISIONS**

14        IT IS FURTHER ORDERED that, for a period of six (6) years from the date

15    of entry of this Order, defendants, in connection with fundraising or telemarketing,

16    and their agents, employees, officers, corporations, and those persons in active

17    concert or participation with them who receive actual notice of this Order by

18    personal service or otherwise, are hereby restrained and enjoined from failing to

19    create and retain the following records:

20        A.      Accounting records that reflect the cost of good or services sold,

21    revenues generated, and the disbursement of such revenues;

22        B.      Personnel records accurately reflecting: the name, address, and

23    telephone number of each person employed in any capacity by any business or

24    other entity, including as an independent contractor; that person's job title or

25    position; the date upon which the person commenced work; and the date and

26    reason for the person's termination, if applicable;

27        C.      Records accurately reflecting the names, addresses, and phone

28    numbers of each donor solicited by or on behalf of defendants, amounts paid, and

FINAL JUDGMENT - Page 15 of 18

description of donations made, to the extent such information is obtained in the ordinary course of business;

D.    Complaints and refund requests (whether received directly, indirectly, or through any third party) and any responses to those complaints or requests;

E.    Copies of all telephone solicitation scripts, other solicitation materials, and websites;

F.    Records accurately reflecting the name, address, and telephone number of each person that any defendant is "assisting" as that term is defined and any contracts or other documents memorializing the relationship; and

G.    All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order required by the Sections titled "Distribution of Order" and "Acknowledgment of Receipt of Order" and all reports submitted to the FTC pursuant to the Section titled "Compliance Reporting."

## X.  DISTRIBUTION OF ORDER

IT IS FURTHER ORDERED that, for a period of three (3) years from the date of entry of this Order, defendants shall deliver copies of the Order as directed below:

A.    Corporate defendants:  Each corporate defendant must deliver a copy of this Order to (1) all of its principals, officers, directors, and managers; (2) all of its employees, agents, fundraisers, and representatives who engage in conduct related to the subject matter of the Order; and (3) any corporate entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting."  For current personnel, delivery shall be within five (5) days of service of this Order upon such defendant.  For new personnel, delivery shall occur prior to them assuming their responsibilities.  For any corporate entity resulting from any change in structure set forth in Subsection A.2 of the Section

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1  titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the
2  change in structure.

3       B.    Individual defendant as control person:  For any business or other
4  entity that an individual defendant controls, directly or indirectly, or in which such
5  defendant has a majority ownership interest, such defendant must deliver a copy of
6  this Order to (1) all principals, officers, directors, and managers of that business or
7  other entity; (2) all employees, agents, and representatives of that business or other
8  entity who engage in conduct related to the subject matter of the Order; and (3) any
9  corporate entity resulting from any change in structure set forth in Subsection A.2
10 of the Section titled "Compliance Reporting."  For current personnel, delivery shall
11 be within five (5) days of service of this Order upon such defendant.  For new
12 personnel, delivery shall occur prior to them assuming responsibilities.  For any
13 corporate entity resulting from any change in structure set forth in Subsection A.2
14 of the Section titled "Compliance Reporting," delivery shall be at least ten (10)
15 days prior to the change in structure.

16      C.    Individual defendant as employee or non-control person: For any
17 business or other entity where an individual defendant is not a controlling person
18 of the business or other entity but otherwise engages in conduct related to the
19 subject matter of this Order, such defendant must deliver a copy of this Order to all
20 principals and managers of such business or other entity before engaging in such
21 conduct.

22      D.    Defendants must secure a signed and dated statement acknowledging
23 receipt of the Order, within thirty (30) days of delivery, from all persons receiving
24 a copy of the Order pursuant to this Section.

25                **XI.  ACKNOWLEDGMENT OF RECEIPT OF ORDER**

26      IT IS FURTHER ORDERED that, within five (5) business days after receipt
27 of this Order as entered by the Court, each defendant shall submit to the
28 Commission a truthful sworn statement acknowledging receipt of this Order.

**FEDERAL TRADE COMMISSION**
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

## XII.  RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for the purposes of construction, modification, and enforcement of this Order.

## XIII.  ENTRY OF THIS JUDGMENT

IT IS FURTHER ORDERED that, as there is no reason for delay, the Clerk of this Court is hereby directed to enter this Order.


**IT IS SO ORDERED**.


Dated:  June 3, 2009


_____

The Honorable A. Howard Matz
United States District Court Judge

**JS-6**

**FEDERAL TRADE COMMISSION**
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350